READING HOTEL CORPORATION v. PROTECTIVE COMMITTEE FOR FIRST MORTGAGE BONDHOLDERS OF READING HOTEL CORPORATION et al., and five other cases.*

Nos. 6190–6195.

Circuit Court of Appeals, Third Circuit.
March 17, 1937.

Wm. A. Schnader, of Philadelphia, Pa., Edgar S. Richardson, John B. Stevens, and John A. Moss, all of Reading, Pa., and Gilbert W. Oswald, of Philadelphia, Pa., for appellant Reading Hotel Corporation.

Percival H. Granger, of Philadelphia, Pa., and Samuel E. Bertolet, of Reading, Pa., for appellants Price and Mayer.

Harry Felix, Walter G. Dugger, and Felix & Felix, all of Philadelphia, Pa., for appellant Robert R. Meyer.

Robert T. McCracken and Mercer B. Tate, Jr., both of Philadelphia, Pa., and Paul D. Edelman, of Reading, Pa. (Montgomery & McCracken, of Philadelphia, Pa., of counsel), for appellees First Mortgage Bondholders Committee.

T Iaeger Snyder, of Reading, Pa. (Zieber & Snyder, of Reading, Pa., of counsel), for appellees Second Mortgage Bondholders Committee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

These appeals concern a reorganization plan of the. Reading Hotel Corporation which was recommended by a master and approved by the court below in an opinion which thoroughly discussed the questions involved. (D.C.) 15 F.Supp. 527. Reference to it avoids needless restatement by us.

The hotel property, owned by the corporation, was subject to a first and second mortgage which, with accrued interest, in default, and taxes, netted some $1,700,000, while the value of the property, with furniture added, was some $1,300,000. It is quite evident that the stockholders have no equity and the bondholders have a right to

*Rehearing denied July 7, 1937.

54

foreclose and, in view of the case reported in Re Realty Foundation Co. (C.C.A.) 75 F.(2d) 286, that court can, by reorganization, transfer the property to the bondholders.

We recognize the fact that the hotel, under the admirable management of the appellant, has increased its gains steadily, and it may be that in the course of years such management might hereafter create an equity for the stockholders. But, in view of the fact that the mortgages are in default and the value of the property is several hundred thousand dollars less, the lienholders should not be compelled to await the possible outcome of the property, nor should they be compelled to accept a plan based on a R. F. C. loan effected on a mortgage by it which would have priority over their existing mortgage lien.

Finding no error in the trial judge's action, we affirm his order and adopt his opinion.