## SCHNADER v. READING HOTEL CORPORATION.
### No. 6944.

Circuit Court of Appeals, Third Circuit.
June 28, 1939.

William A. Schnader, **of** Philadelphia, Pa. (Gilbert W. Oswald and Schnader & Lewis, all of Philadelphia, Pa., of counsel), for appellant.

Robert T. McCracken and Mercer B. Tate, Jr., both of Philadelphia, Pa., and T. Iaeger Snyder, of Reading, Pa. (Montgomery & McCracken, of Philadelphia, Pa., and Zieber & Snyder, of Reading, Pa., of counsel), for appellee Reading Hotel Corporation.

Before BIGGS, BIDDLE, and BUFFINGTON, Circuit Judges.

PER CURIAM.

This is an appeal from a final decree of Kirkpatrick, J., dismissing exceptions of William A. Schnader, a distinguished member of the Philadelphia Bar, to the report of a Special Master who held that Mr. Schnader was not entitled to payment of counsel fee and disbursements totaling $10,455.26 for work done in an appeal from a reorganization plan which had finally been approved by the District Court, In re Reading Hotel Corp., 25 F.Supp. 10. The propriety of the amount and the extent of the services rendered are not questioned. The sole question for determination is whether the District Judge abused his discretion in refusing to approve the fee.

Mr. Schnader represented the debtor corporation in an appeal taken to this court, Reading Hotel Corp. **v.** Protective Committee for First Mortgage Bondholders of Reading Hotel Corp., 3 Cir., 89 F. 2d 53, and certiorari proceedings to the United States Supreme Court, 302 U.S. 742, 58 S.Ct. 144, 82 L.Ed. 574, both of which were unsuccessful.

Mr. Schnader acted as counsel for the debtor under a prior order of the court authorizing the debtor to employ additional counsel to conduct the appellate proceedings. In this order Judge Kirkpatrick reserved "the right to pass specifically upon allowances of counsel fees to the Debtor in all appellate proceedings as well as the matter of allowances for counsel fees in general". In his opinion disallowing Mr. Schnader's prayer for allowance of a fee as additional counsel for the debtor Judge Kirkpatrick gave as his reason "that the * * * services did not contribute in any way to the successful accomplishment of the debtor's reorganization." [25 F.Supp. 11.] He quoted from our decision in Steere v. Baldwin Locomotive Works,[1] "that compensation may not be allowed under the act to anyone for services which have not contributed directly and materially to the successful accomplishment of the debtor's reorganization"; taking pains to point out that this did not mean that compensation could never be allowed for services rendered in opposing a successful plan of reorganization. The allowance of counsel fee in reorganization proceedings is a matter of wide discretion for the trial judge which must be exercised "in the light of the extent of the services contributed, the experience and skill required and exercised, the benefit resulting therefrom to the debtor and its securityholders, the size of the debtor and the consequent responsibility undertaken, and the ability of the debtor to pay." Newman v. Ambassador Apartments, Inc.[2] Even if the Chandler Amendment[3] is applicable, as argued by appellant, it does not change this rule of law.

We can find no evidence in the record of any abuse of discretion.

Accordingly the decree is affirmed.

---

[1] 3 Cir., 98 F.2d 889, 891.
[2] 3 Cir., 101 F.2d 307, 308.
[3] 11 U.S.C. § 641, 11 U.S.C.A. § 641.