## In re GENERAL CARPET CORPORATION.

### No. 20544.

District Court, E. D. Pennsylvania.

Aug. 13, 1940.

Otterbourg, Steindler & Houston, of New York City (Arnold A. Jaffe, of New York City, of counsel), for petitioner.

Rodney T. Bonsall, of Philadelphia, Pa., for William G. Diamond and Jeremiah Keys.

KALODNER, District Judge.

This case arises on exceptions to the report of the Special Master disallowing petitioner's claim for compensation on account of services rendered as additional counsel for the debtor.

It appears that, on August 24, 1938, the General Carpet Corporation filed a petition for reorganization under Section 77B, Bankr.Act, 11 U.S.C.A. § 207, and re-

organization trustees were appointed on September 19, 1938. During the period that the debtor was continued in possession and immediately following the appointment of trustees, the debtor was represented by its general counsel, Stradley, Ronon & Stevens, of Philadelphia. Attempts were made to formulate an acceptable plan of reorganization but by October, 1938, nothing had materialized. Counsel for the debtor had drafted and submitted a plan which met with no encouragement from the general creditors' committee. On or about October 10, 1938, it seems that the petitioner, Edwin M. Otterbourg, a New York attorney specializing in bankruptcy and reorganization matters, was consulted by certain individuals, namely, Messrs. Parker, Wyley and Rice, all stockholders, officers and directors of the debtor corporation, and shortly thereafter, the board of directors of the debtor corporation adopted a resolution ratifying petitioner's employment as additional counsel for the corporation "* * * specifically for the purpose of formulating, and if possible consummating a plan of reorganization for this corporation, and to render such services in connection therewith as may be necessary, including the securing of capital therefor, and that the necessary disbursements of said counsel be defrayed by this corporation, and that the compensation of said counsel be in such amount as may be hereafter determined by the court in which the reorganization proceedings are pending".

According to the Special Master, at the time of petitioner's employment, the debtor ws hopelessly insolvent and the non-feasibility of reorganization was apparent as was also the near eventuality of liquidation. However, the good faith of the parties is not in issue nor is the fact that petitioner, for a few weeks after his employment, conferred with and was actively engaged in negotiations with the attorneys for the trustees and the general creditors' committee, suggesting modifications of previous proposals in an effort to reach an agreement on an acceptable plan. Nevertheless, petitioner's efforts did not result in the submission of an acceptable plan of reorganization and, subsequently, on February 20, 1939, the debtor was adjudicated a bankrupt.

After the liquidation of the assets, petitioner sought an allowance of compensation in the amount of $1,000 and reimbursement of expenses of $28.60. This was ob-

jected to by counsel for the trustees and the general creditors' committee. Both claims were disallowed by the Special Master on the grounds (1) that, at the time, the board of directors of the debtor corporation had no power to employ additional counsel at the expense of the estate and (2) that, aside from the foregoing, petitioner's services did not result in any benefit to the estate.

Recognizing that petitioner's employment as additional counsel for the debtor may have been entirely in good faith, nevertheless, it is the opinion of this Court that the Special Master did not err in disallowing his claim for compensation.

The Chandler Act, applicable herein by virtue of Section 276, sub. c(1), thereof, 11 U.S.C.A. § 676, sub. c(1), apparently contains no provisions expressly governing the question. It is true that Section 241(4), 11 U.S.C.A. § 641(4), provides for reimbursement and compensation to "the attorney for the debtor", but the statute is silent with regard to the extent of the debtor's power to employ counsel at the expense of the estate or when "reasonable compensation for services rendered" may be allowed.

The debtor's right to counsel is not in controversy since, in the instant case, it had been represented adequately by the Philadelphia law firm of Stradley, Ronon & Stevens, who continued as general counsel after the filing of the petition for reorganization and for whose services the Special Master has recommended a fair and sufficient allowance of $4,000. In dispute, however, is the power of the debtor corporation to employ additional counsel, without the approval of the court and at the expense of the estate, after the reorganization court has acquired jurisdiction over the assets and trustees have been appointed to administer the estate. Further, that which is challenged, in particular, is the right of such counsel to compensation where his services have not resulted in any benefits to the estate.

To hold that, under these circumstances, the board of directors of the debtor corporation had a discretionary power to saddle the estate with additional counsel fees would be to ignore the sordid history of the past relating to fees in corporate reorganizations and to defeat the purpose of both the former Section 77B and the present Act to place these fees under more effective judicial control. To permit the debtor thus to bind the estate would render meaningless the mandate of Congress that the court in which the petition is filed shall have exclusive jurisdiction of the debtor's property, wherever located. Section 111, 11 U.S.C.A. § 511. Further, the possibilities of extravagance, and dissipation of assets no longer under the control of the debtor, cannot be overlooked and this entirely apart from the fact that the instant petitioner may have been employed entirely in good faith.

It has already been indicated that the debtor here has not been deprived of its right to counsel, nor is this decision to be understood as precluding a debtor corporation in reorganization from obtaining the aid of additional counsel, in cases of necessity, by proper application to the court. It is recognized that circumstances may arise wherein the expert advice of specialized counsel may be desirable. However, responsibility for the conservation of the assets having passed to the court, it is not the prerogative of the debtor to determine whether or not it is necessary to employ such counsel at the expense of the estate. Where the necessity arises, the debtor should petition the court for leave to employ such counsel. If, as in the instant case, no employment has been authorized by the court and no benefit to the estate has resulted from counsel's services, he may not recover. Cf. In re Irving-Austin Bldg. Corp., 7 Cir., 100 F.2d 574, 578; In re Forty-One Thirty-Six Wilcox Bldg. Corp., 7 Cir., 100 F.2d 588, 591, 592.

It may be noted that the recent decision of the Third Circuit Court of Appeals in Schnader v. Reading Hotel Corp., 105 F.2d 572, certiorari denied 302 U.S. 742, 58 S.Ct. 144, 82 L.Ed. 574, fully supports the views stated herein. In that case, William A. Schnader, a distinguished member of the Philadelphia Bar, had been employed by the debtor corporation to represent it in an appeal to the Circuit Court from a decision of the District Court approving a plan of reorganization, and also in certiorari proceedings to the United States Supreme Court, both of which were unsuccessful. Moreover, Mr. Schnader had acted as counsel for the debtor under a prior order of the court authorizing it to employ additional counsel to conduct the appellate proceedings but reserving to the court "the right to pass specifically upon allowances of counsel fees". The District Court, 25 F.Supp. 10, 11, disallowed Mr.

Schnader's prayer for an allowance of a fee as additional counsel for the reason that his "services did not contribute in any way to the successful accomplishment of the debtor's reorganization". In affirming the decision of the lower court, the Circuit Court alluded to its former decisions in emphasizing the discretionary powers of the trial judge regarding allowances of counsel fees and reiterated the importance of benefit to the estate resulting from the petitioner's services. Further, the court declared, (105 F.2d at page 573): "Even if the Chandler Amendment [11 U.S.C. Sec. 641, 11 U.S. C.A. Sec. 641] is applicable, as argued by appellant, it does not change this rule of law." Thus, the Schnader decision alone would appear dispositive of the instant controversy.

Accordingly, the petitioner's exceptions are dismissed and the report of the Special Master hereby is approved, confirmed and affirmed.