### In re GENERAL CARPET CORPORATION.
### No. 7546.

Circuit Court of Appeals, Third Circuit.
Dec. 13, 1940.

Edwin M. Otterbourg, of New York City, for appellant.

Rodney T. Bonsall, of Philadelphia, Pa., for appellee.

Before BIGGS, CLARK, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from an order dismissing exceptions to and confirming a report of a special master who refused to allow the appellant a counsel fee for services rendered at the request of the debtor. The appeal was heard pursuant to an order of this court entered October 7, 1940 allowing a petition for leave to appeal.

The General Carpet Corporation filed a petition for reorganization under the then § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, on August 24, 1938; trustees were appointed on September 19, 1938. The debtor was then and throughout the proceedings represented by its general counsel, a Philadelphia firm. About a month later Mr. Otterbourg, the appellant, was employed by the debtor as a specialist in reorganization to formulate a plan of reorganization and to endeavor to obtain its consummation. No one sought to obtain leave of court for the retention of Mr. Otterbourg. He rendered considerable services in formulating a plan of reorganization and in endeavoring to procure the consent thereto of the various parties. There is no question of either the good faith or the professional competence of the appellant. However, the efforts to reorganize the corporation were unsuccessful, and on February 20, 1939 the debtor was adjudicated a bankrupt.

The right of the appellant to compensation depends upon the proper construction of the relevant sections of Chap-

ter X of the Chandler Act.[1] It is to be noted that the question is not as to the debtor's right to be represented by counsel. The debtor was so represented and a fee was allowed for its counsel's services. We do not understand appellant's argument to go the length of claiming a share in the amount granted the debtor's general counsel, and that question is not before us. The issue is whether a debtor for whom trustees have been appointed may bind the estate to pay for the services of an expert lawyer retained by it, without leave of court, to work up an acceptable plan of reorganization. We think the point was correctly determined by the learned court below.

■ Consideration of the question must flow from the prior recognition that one of the purposes of the old § 77B and of Chapter X of the Chandler Act was to correct fee abuses in corporate reorganizations; Dickinson Industrial Site, Inc. v. Cowan, 1940, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819. Section 169 of the Act, 11 U.S.C.A. § 569, provides that where a trustee has been appointed he shall either prepare a plan or report, with reasons, why a plan cannot be effected. The section provides for a subsequent hearing at which time the debtor, creditors or stockholders may present their views or submit a plan. The statute does not forbid the initial preparation of a plan by any one other than the trustee, but since the duty is placed primarily upon the trustee, such other persons must be considered mere volunteers, at least until after the trustee has reported to the court.

■ To allow the fee here sought even though the services were admittedly performed in good faith, would create an interstice in the administration of the Act through which the policy hereinbefore adverted to might seriously be undermined. The reorganization trustee is vested with title to the debtor's property; §§ 186, 70, 11 U.S.C.A. §§ 586, 110. The debtor therefore no longer has power to bind the assets of the estate. The trustee is to administer the estate for the benefit of the interested parties. The interests of the various classes of creditors are certainly senior to those of the debtor or its stockholders, Case v. Los Angeles Lumber Products Co., Ltd., 1939, 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed.

110. If the debtor may, without leave of court, seek the services of an expert to formulate a plan of reorganization, then the privilege must also be recognized in the various classes of creditors who come ahead of the debtor. Such a result would come perilously close to the unhealthy situation which this legislation sought to correct.

There is nothing in Re Old Algiers, Inc., 2 Cir., 1938, 100 F.2d 374, contrary to the position here taken. The issue there was simply whether it was practicable to apply the provisions of the Chandler amendment to a proceeding in which the petition was approved more than three months prior to the effective date of the amendment. It should also be noted that there compensation was sought for services rendered in connection with a plan which was approved by the judge, a situation specifically recognized in § 242, 11 U.S.C.A. § 642. Denver & R. G. W. R. Co. v. McCarthy, 10 Cir., 1940, 111 F.2d 820, is also not in point for the proceeding there was under § 77 of the Bankruptcy Act as amended by the Act of August 27, 1935, 49 Stat. 917, 11 U.S.C.A. § 205, and, as the court pointed out, that section specifically required the debtor to file a plan.

The order appealed from is affirmed.

---

[1] Act of June 22, 1938, 52 Stat. 840, 883, 11 U.S.C.A. § 501 et seq. Although the petition was filed prior to the effective date of the Act, the Act is applicable, § 276, sub. c (1), 11 U.S.C.A. § 676, sub. c (1).