117 F.2d 599 (1941)
In re PORTO RICAN AMERICAN TOBACCO CO.
BROWN
v.
RICAN CORPORATION et al.
No. 166.
Circuit Court of Appeals, Second Circuit.
February 10, 1941.
*600 H. Lewis Brown, of New York City, pro se (Frederic P. Benedict, of New York City, of counsel), for appellant.
Ralph Montgomery Arkush and Monroe Percy Bloch, both of New York City (Harold H. Levin, of New York City, of counsel), for Rican Corporation, appellee.
David J. Colton and Samuel Rubin, both of New York City, for Guthrie Committee for Class A Stockholders, appellee.
Chester T. Lane, Gen. Counsel, and Bernard D. Cahn and Homer Kripke, all of Washington, D. C., and Earl J. Wofsey, of New York City (John F. Davidson, of New York City, of counsel), for Securities and Exchange Commission, appellee.
Before L. HAND, SWAN, and CLARK, Circuit Judges.
SWAN, Circuit Judge.
On July 13, 1939, Porto Rican American Tobacco Company filed a petition for reorganization under chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. Its attorney was the appellant; he had been retained as its counsel for this proceeding on June 23, 1939. The district court immediately approved the petition, appointed trustees for the debtor and allowed them to retain an attorney to serve as their counsel. Thereafter two committees representing bondholders and two committees representing Class A stockholders were created and permitted to intervene in the proceeding. Each of these committees had its own attorney. In March 1940 the trustees proposed a plan of reorganization which contemplated the formation of a new corporation to continue the business and the issuance of preferred stock to the debtor's bondholders and a junior stock to the debtor's Class A stockholders. A month later the trustees obtained an offer of $4,000,000 for the assets of Congress Cigar Company (the debtor's subsidiary), and they thereupon proposed an amended plan based upon acceptance of this offer. The amended plan was confirmed over the opposition of the stockholders' committees, with whose attorneys the appellant cooperated. From the order of confirmation the stockholders' committees took an appeal, as did also the debtor. This court affirmed the order. In re Porto Rican Am. Tobacco Co., 2 Cir., 112 F.2d 655. Thereupon the attorney for the debtor, the trustees and their counsel, the bondholders' and stockholders' committees and their counsel and various other persons who *601 claimed to be entitled to compensation, filed their several petitions therefor in the district court.[*] The appellant applied for an allowance of $260.27 for disbursements and $14,500 for services. The disbursements were practically all incurred in the debtor's appeal from the order of confirmation; the services represented approximately 600 hours of work by the appellant and his office associates from May 1939 to June 1940. The district court stated that the services "for which he may be compensated from the estate, consisted principally of filing the petition under chapter X on behalf of the debtor"; it awarded him only $750 for services and disbursements. From this order he has appealed.
Because section 206, 11 U.S.C.A. § 606, accords the debtor the right to be heard on all matters arising in a chapter X proceeding, and section 169, 11 U.S.C.A. § 569, recognizes that the debtor may propose plans or amendments thereto, and submit objections to plans, the appellant contends that it is implicit in the statute that the debtor may be represented by an attorney who shall be compensated out of the estate whether or not his services have been necessary to the advancement of the proceeding. No such conclusion necessarily follows from the premise. The same sections likewise give stockholders and creditors a right to be heard on all such matters; nevertheless it is clear that their attorneys can be compensated from the estate only if their services contributed to the confirmation or defeat of a plan or were beneficial in the administration of the estate. Section 243, 11 U.S.C.A. § 643. Under section 77B, sub. c(11), 11 U.S.C.A. § 207, sub. c(11), the debtor had "the right to be heard on all questions", but it was held that compensation from the estate was allowable to the attorney for the debtor only to the extent of benefits received by the estate from his services. In re Allied Owners' Corp., 2 Cir., 79 F.2d 187, 191; In re Forty-One Thirty-Six Wilcox Bldg. Corp., 7 Cir., 100 F.2d 588, 592. A similar limitation was applicable to attorneys for creditors and stockholders in 77B proceedings. See Straus v. Baker Co., 5 Cir., 87 F.2d 401, 407 and cases therein cited.
The appellant contends that by the enactment of sections 241, 242 and 243 of chapter X, 11 U.S.C.A. §§ 641, 642 and 643, Congress has evidenced an intention to exclude the debtor's attorney from the application of this restriction because he is grouped in section 241 with the referee, the special master, and the trustee, whose services are compensable without regard to contribution to a plan or benefit to the estate, rather than in section 243, with creditors and stockholders and their attorneys whose fees are expressly so restricted. This argument cannot prevail. Section 242, authorizing compensation to indenture trustees, committees and other parties in interest, also contains no express provision that compensable services must be "beneficial in the administration of the estate", yet it cannot be supposed that in all such cases the estate is to pay for unnecessary services. Mr. Justice Cardozo's statement in Realty Associates Securities Corp. v. O'Connor, 295 U.S. 295, 55 S.Ct. 663, 79 L.Ed. 1446, regarding the earlier statute, is equally applicable to the Chandler Act. At page 299 of that opinion in 295 U.S., at page 665 of 55 S.Ct., 79 L.Ed. 1446, he said: "A court will not forget that Congress meant to hit the evil of extravagance, and that the meaning of its words, if doubtful, must be adapted to its aim." Because some decisions under 77B treated with extreme suspicion, or rejected entirely, the claims for compensation of individual creditors or stockholders when the class to which they belonged was represented by a committee, section 243 was enacted to encourage participation by individuals who might contribute something of value to the plan or to administration of the estate. See Gerdes, 52 Harv.L.Rev. 1, 36; Teton, 48 Yale L.J. 573, 603; In re Condor Pictures, D.C.S.D.Cal., 33 F.Supp. 174, 175, aff'd Ziegler v. Condor Pictures, 9 Cir., 112 F.2d 575. But in so doing Congress was careful to specify that they should not be compensated from the estate unless their services were beneficial. Such cautionary admonition as to this special class of claimants cannot be deemed to have repealed by implication the restrictions which the courts had already established for other classes of claimants. See Schnader v. Reading Hotel Corp., 3 Cir., 105 F.2d 572, 573; In re General Carpet Corp., D.C., 34 F.Supp. 379, 380, affirmed 3 Cir., 116 F.2d 426.
*602 The services of the appellant, other than those relating to the preparation and filing of the petition, appear to relate to matters which concerned the interests of other parties to the proceeding more closely than the interests of the debtor. The appellant's services from the filing of the petition until the trustees came forward with their first plan necessarily pertained to the administration of the estate. This was the duty of the trustees and any legal services required in connection with administration should have been performed by their attorneys. This court has held both under the old Bankruptcy Act and under section 77B that a volunteer, even if his services have benefited the estate cannot be compensated out of the estate for services which should have been performed by the trustee or his attorney, unless the volunteer is authorized by the court in advance of rendering the service. See Sartorious v. Bardo, 2 Cir., 95 F.2d 387, 390, which cites the earlier authorities. There is no reason for a different rule under chapter X. For services pertaining to administration, since trustees were appointed and had their own attorney, the appellant must be regarded as a volunteer.
For services rendered in opposition to the modified plan the appellant was duplicating the efforts of the stockholder's committees who also opposed it. These committees represented approximately fifty per cent. of class A stockholders; there is no contention that the committees did not adequately represent the interests of all stockholders whom the plan affected. Under such circumstances we can see no reason for the debtor to take an active part in opposition to the plan and duplicate the legal services of attorneys for committees. Certainly if the debtor is to supplement the efforts of the committees at the expense of the estate, the need of such additional services should be brought to the attention of the court, and authorization to serve for compensation should be obtained in limine. The same considerations which govern as to administration when there is a trustee should govern as to opposition to a plan when stockholders are already adequately represented. We find no error in denying appellant compensation and disbursements relating to its unsuccessful opposition to and appeal from confirmation of the plan. Schnader v. Reading Hotel Corp., 3 Cir., 105 F.2d 572, 573.
The remainder of the appellant's services relate to the preparation and filing of the debtor's petition. We do not doubt that preliminary consultations designed to decide upon the desirability of reorganization proceedings and legal services in preparation for it are compensable out of the estate, although they precede the actual institution of proceedings in court. See Sullivan & Cromwell v. Colorado Co., 10 Cir., 96 F.2d 219. The actual time devoted to the case by the appellant's associate, Mr. Benedict, to and including July 13, 1940, when the petition was filed, appears to have been 32 hours; the time spent by the appellant personally during this period is not specified. The allowance of $750 is at the rate of about $25 per hour for the time shown, and this is substantially the rate claimed by the appellant. Indeed, it is not argued that the allowance was so low as to constitute an abuse of discretion if the compensable services were properly limited to those relating to preparation of the petition. For the reasons already stated we hold that they were properly so limited.
Order affirmed with costs.
NOTES
[*] There were twenty-five applicants and the requested allowances totaled $465,516.46. The allowances granted total $181,458.67.