## In re POSTAL TELEGRAPH & CABLE CORPORATION et al.

### No. 226.

Circuit Court of Appeals, Second Circuit.

May 19, 1941.

862

Frederick P. Randolph, of New York City, for appellant.

Chester T. Lane, Gen. Counsel, of Washington, D. C., and Marland Gale and Frederick T. Finnigan, Attys., Securities and Exchange Commission, both of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This proceeding for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, was instituted June 14, 1935, as to Postal Telegraph and Cable Corporation, and June 21, 1938, as to The Associated Companies. An amended plan of reorganization was confirmed on January 23, 1940, and was consummated January 31, 1940. Thereafter applications for allowances of compensation for services rendered and expenses incurred in connection with the estate were filed by numerous parties in interest, including the appellant, Elias Buegeleisen. Securities and Exchange Commission filed its appearance on February 29, 1940 for the purpose of advising the

district court on fee allowances. See 11 U.S.C.A. §§ 608, 676, sub. c (2). It appears as appellee in this court. The order appealed from denied any allowance to the appellant.

His petition set out that he is an expert consultant regarding problems in organization and management; that he was employed by a committee of bondholders and debenture holders of the debtor, known as the Stewart Committee, and between August 1, 1935, and September 24, 1936, he rendered services to the said Committee consisting of an examination of leases and office rentals of the debtor in order to formulate an opinion and make recommendations as to the policies and management of the debtor regarding leaseholds; and that his reports and recommendations were made to the Committee and "copies thereof were available to the Trustees, the Debtor and the various other parties to this proceeding." He and his assistants devoted 1681 hours to his work and the compensation asked was $4,569.50. The Stewart Committee regarded this amount as fair and reasonable and stated that many of the economies recommended in his report were ultimately accomplished and benefited the estates of the debtors. Counsel for the Securities and Exchange Commission informed the district judge that they were "unable to find corroboration for Mr. Buegeleisen's suggestion that his study of these (leases) led to eventual reduction in rentals." In denying compensation the judge said that the services were purely administrative and were performed without authority from the court or the trustees.

Section 242, 11 U.S.C.A. § 642, permits the judge to allow "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in connection with the administration of an estate" by enumerated parties in interest, including committees or representatives of creditors, and "by the attorneys or agents for any of the foregoing." See also section 243, 11 U.S.C.A. § 643. Whether an application for an allowance be considered under section 242 or 243, administrative services must benefit the estate, if compensation is to be allowed. In re Porto Rican American Tobacco Co., 2 Cir., 117 F.2d 599, 601. The present record is very vague as to what savings, if any, resulted from the appellant's recommendations. Although his report was "available" to the trustees there is no clear evidence that they used it, and it appears that sub-

stantial savings were effected before his report was made. But passing this weakness in the appellant's case, he encounters the rule which this court has frequently enforced that no compensation can be allowed for "administrative" services unless the person performing them obtained authority from the court in limine. In re Porto Rican American Tobacco Co., supra; In re Progress Lektro Shave Corp., 2 Cir., 117 F.2d 602, 604 and cases there cited. There is no harshness in applying the rule in the case at bar for the record discloses that the court had stated at the very first hearing that no committee would be allowed to obtain reimbursement of expenses for "accountants, engineers or otherwise" unless express authorization were obtained from the court in advance. The services of the appellant in examining leases with a view to obtaining reduction in rentals were such as the debtor in possession or the trustee of the debtor was charged with the duty of performing in administering the estate. Under the established rule the appellant, who acted without authorization from the court, can recover no compensation from the estate for such services. Had his services related to the formulation of a plan of reorganization, the result might be different, for section 167(6), 11 U.S.C.A. § 567(6), permits creditors and stockholders to submit to the trustee suggestions and proposals for a plan; but the record contains no suggestion that his services were other than administrative.

Order affirmed.