**DELAFIELD, MARSH & HOPE,** Charles M. McCarty, and Prudence Realization Corporation, Appellants,

v.

Samuel **SILBIGER,** Koenig & Bachner, and Benjamin, Galton & Robbins, Appellees.

In the Matter of PRUDENCE BONDS CORPORATION, Debtor.

No. 172, Docket 23781.

United States Court of Appeals Second Circuit.

Argued Dec. 15, 16, 1955.

Decided Jan. 20, 1956.

Charles M. McCarty, Brooklyn, N. Y. (Delafield, Marsh & Hope, New York

City, on the brief), for appellants Delafield, Marsh & Hope and Charles M. McCarty.

James F. Dealy, New York City (Irving L. Schanzer, New York City, on the brief), for appellant Prudence Realization Corp.

Samuel Silbiger, New York City, appellee, pro se.

Charles H. Tally, New York City (Koenig & Bachner and Lester R. Bachner, New York City, on the brief), for appellee Koenig & Bachner.

Harold M. Foster, New York City (Benjamin, Galton & Robbins and Robert Satter, New York City, on the brief), for appellee Benjamin, Galton & Robbins.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

CLARK, Chief Judge.

These are appeals from allowances to counsel for the litigation and adjudication terminating in Prudence Realization Corp. v. Jackson, 2 Cir., 212 F.2d 362, the last (as is hoped) of the extensive litigation therein briefly summarized caused by the failure in the early '30s of Prudence Bonds Corporation and its guarantor, The Prudence Company, Inc., on bonds secured by trust funds consisting, *inter alia*, of New York realty mortgages. The first appeal is by Messrs. Delafield, Marsh & Hope and Charles M. McCarty, who contend that allowances to them of $4,000 and $3,000 respectively are inadequate recompense for a recovery in excess of $750,000 from the guarantor's successor of interest on retired bonds of Prudence Bonds Corporation as finally determined in the second of the three issues considered and decided in the Jackson case. The Delafield firm has served as the attorneys for City Bank Farmers Trust Company, the court-appointed trustee of the eighteen series of these publicly held bonds, while McCarty since 1938 has been the attorney for Prudence Bonds Corporation, the new corporation formed pursuant to the confirmed plan of reorganization of the debtor, Prudence Bonds Corporation; and both have appeared herein as the court-designated representatives of the claimants on these retired bonds. The other appeal is by Prudence Realization Corporation, the successor corporation in reorganization to The Prudence Company, Inc., which opposes all allowances to counsel, including appellants Delafield and McCarty, as well as the nonappealing attorneys, Messrs. Samuel Silbiger, Koenig & Bachner, and Benjamin, Galton & Robbins, who were awarded the sums of $5,000, $3,000, and $1,000 respectively.

All claims for allowances to counsel in these great reorganization proceedings tend to present questions complicated to a degree which here are indeed magnified. Our present problem is the more difficult because soon after the decision in the Jackson case the Realization Corporation asked for instructions and for the ascertainment and settlement of counsel allowances in The Prudence Company reorganization. Accordingly rather extensive proceedings were had therein wherein these counsel, together with others, claimed full allowance for their activities against the guarantor company and its successor, Realization, which opposed the grants. But the judge did not wholly adopt the view of either. Although he has not written extensive opinions, his approach appears quite clearly there and here. He obviously concluded that losing counsel, as well as those whose positions were sustained, were entitled to allowances from the estate of the guarantor and its successor, because the adjudications were all necessary steps toward the final disposition of these proceedings. So various attorneys had asked for a total of $311,000 for services (plus $8,419.97 for expenses); and after the hearing, allowances aggregating $80,250 for services, together with the requested expenses, were made by him and paid by Realization from the Prudence estate. Of this sum at least $47,750 went to unsuccessful counsel. Thus the largest single allowance of

$20,000 for services (together with expenses of $1,372.30) went to Percival E. Jackson, who unsuccessfully argued against the claim of the Reconstruction Finance Corporation, which, however, was upheld in the first of the three issues considered in the Jackson case, supra. Appellants Delafield, Marsh & Hope received two allowances of $5,000 each— one on the issue here involved, and the other, as representing the Hurd Committee, for joining Mr. Jackson in the unsuccessful contest of the RFC claim. Additional allowances there made were $7,-500 to McCarty, $12,500 to Silbiger, $7,-500 to Koenig & Bachner, and $5,000 to Benjamin, Galton & Robbins, together with their appropriate expenses. The allowances to Silbiger and Koenig & Bachner covered both successful and unsuccessful claims, while that to Benjamin, Galton & Robbins was entirely in opposition to the claim on the retired bonds.

After Judge Inch had announced these awards the Realization Corporation and the RFC presented and supported a form of order which stated that these were final allowances for the services indicated. But the attorneys opposed and presented a different form of order which Judge Inch accepted after hearing and complete presentation of the opposing positions. The order actually entered in the Prudence proceeding states only that these were "fair and reasonable compensation and final allowances *from the Estate of the Debtor herein*" for services rendered and expenses incurred in said proceedings (the words here italicized being those added by the judge to the form urged by Realization) and in addition has a completely new paragraph stating specifically that it was without prejudice to any applications in the proceedings for the reorganization of the

present debtor (the original obligor, Prudence Bonds Corporation).[1] So on the instant applications for further recompense, Judge Inch expressly states that he takes into account the allowances already made from the Estate of The Prudence Company, Inc., and makes these additional allowances for the benefit which the services have conferred upon the estate of this present debtor.

Thus it will be noted, by way of summary, that Messrs. Delafield, Marsh & Hope received a total of $10,000 in the earlier proceeding, of which $5,000 is allocable to their services in the instant matter, and have now been awarded $4,-000 additional, while Mr. McCarty received $7,500 originally and is now awarded $3,000 more. Both these are asking for the full amount they originally requested for their services on this issue, to wit, $35,000 each, or an increase for the Delafield firm to $30,000, and for McCarty to $27,500. And the nonappealing attorneys have received the following total amounts, viz., Silbiger $17,500, Messrs. Koenig & Bachner $10,500—in each case unallocated between the claims —and Messrs. Benjamin, Galton & Robbins $6,000 for opposing the claim here involved.

■ The basic position of the Realization Corporation on this appeal is that all attorneys received adequate compensation by the earlier Prudence allowances and cannot now claim more. Its main basis for this argument is that in that proceeding it evaluated the activities of the lawyers and gave Judge Inch recommendations of stated amounts as representing full compensation, and that these are the exact amounts there awarded by Judge Inch to the various lawyers. But we do not see how this interesting fact can be given controlling significance against the quite express findings and

1. "(3) The allowances fixed, awarded and granted by this order are for the necessary expenses and for the reasonable value of the services of petitioners solely to the Estate of the Debtor herein, and this order is without prejudice to any applications in the proceedings in this Court for reorganization of Prudence-Bonds Corporation, Debtor, for allowances of compensation for the reasonable value of services herein beneficial to the Estate of said Prudence-Bonds Corporation, Debtor."

decision of the judge made not only in the settlement of the order therein as recounted above, but again reiterated explicitly in making the additional allowances herein. Indeed, since we have determined not to follow the recommendations of the judge completely, we need do no more than refer to the provisions of the earlier order—set forth in footnote 1—which explicitly make the present issue not *res adjudicata*. Accordingly Realization's appeal must fail except insofar as the individual awards are found excessive or unsubstantiated. To this we now turn.

██ The difficulties and uncertainties attendant upon any attempt to make a fair award among divergent interests of counsel for their services in reorganization proceedings are such that we have consistently accorded great weight to the discretion of the judge who has been in active control of the reorganization proceedings. Hence very rarely, indeed, can we feel sufficient conviction so that we should interfere. So we might well have attempted to rely on that principle here, in spite of some difficulty in perceiving how the figures were arrived at below, did we not feel that the result violates the very important principle that public interests in reorganization should generally be represented by authorized attorneys, and that where so adequately represented awards to unauthorized volunteers should be avoided. See, e.g., In re Porto Rican American Tobacco Co., 2 Cir., 117 F.2d 599, 602. Better service can be commanded on the prospect of adequate or substantial compensation for duly appointed counsel than on that of small fees to many. Here we are impressed by the fact that the appealing lawyers were the authorized attorneys who carried the brunt of this quite successful litigation, as, indeed, we have personal knowledge from our hearing of the Jackson appeal. We think that the recompense they receive should reflect their success, particularly since, as appears, they would not have been entitled to claim anything from this particular estate had they been unsuccessful.

The Realization Corporation, however, calls attention to early questions of opposing or conflicting interests raised by these appellants themselves, and urges that their ultimate decision to represent these bondholders' claims was belated. But as we read the record, this is not a justified complaint. The attorneys quite properly raised the question of a possible conflict of interest—a question made of prime importance herein because of the penalty inflicted upon another attorney for violation of obligations of loyalty to client. See Silbiger v. Prudence Bonds Corp., 2 Cir., 180 F.2d 917, certiorari denied 340 U.S. 813, 71 S.Ct. 40, 95 L.Ed. 597; 340 U.S. 831, 71 S.Ct. 37, 95 L.Ed. 610. All the parties and the Master were made fully aware of this problem; so far as is apparent, this had no effect upon the proper presentation of the case, which consisted largely of documentary materials supplied for the most part by these appellants, even if actually presented to the Master by Realization. Then before briefs were filed or arguments made, this issue was definitely taken up, and, upon due consideration, resolved by the Master by authorizing these attorneys to represent the bondholders' interests. So he has pointed out that these interests were thus adequately represented by them and were not otherwise represented. The district court confirmed the Master's report containing these findings, and we affirmed in the Jackson case, supra. This we think completely settles the issue.

██ Other subordinate objections are made by Realization as to the nature of the work and the service performed which we do not think are substantiated. This was sound and successful professional service, which should receive fair compensation. Realization suggests that its own activities have cut down the total number of outstanding bonds so as to make the total recovery greater for the interests represented, and also that it itself, as holder of some of the bonds, will receive back a part of the amount thus realized. But these do not seem to us persuasive suggestions. It was Reali-

zation's duty, as fiduciary for the creditors, to preserve the estate as much as possible. Moreover, the awards we are making are not overgenerous, whatever weight be given these considerations. We could of course return this matter for further consideration by the district court, but it seems to us that we should terminate it here in view of the knowledge we have of the particular litigation. We are disposed to give some consideration to the allowances previously made, just as Judge Inch himself did; and accordingly we conclude that the allowance here to Delafield, Marsh & Hope should be increased to a total of $20,000 in this proceeding, and that to Charles M. McCarty should be increased to a total of $17,500 in this proceeding.

On the basis upon which we are approaching the issue we think it therefore necessarily results that Messrs. Benjamin, Galton & Robbins, who opposed the result herein on the Jackson appeal and whose services thus were not beneficial to this estate, must be content with the allowance of $5,000 made to them in the Prudence proceedings. Accordingly we are eliminating the award herein to them. Of the allowances made to Messrs. Silbiger and Koenig & Bachner we find some difficulty in making accurate disposition, since they both supported the losing objection to the RFC claim and have been substantially remunerated in the Prudence proceeding. They did, however, file a joint briefly before us supporting the position of the appealing attorneys herein. But it does seem to us appropriate to say that their services were rather incidental. True, they claim to have developed the fundamental ideas in earlier litigation which went as far as this court. But we did not sustain the exact positions taken in those cases; and we find tenuous the claim that an argument which we rejected when presented is at the basis of the successful result here. We think those former proceedings and the compensation paid therefore must stand without effect herein. We are doubtful, therefore, how much additional compen-

sation should now be given, particularly for what can be termed volunteer services, in the light of the principles we have discussed above. But we conclude that certain additional compensation may be considered appropriate, and accordingly reduce Mr. Silbiger's allowance to $3,000 for services, and that of Messrs. Koenig & Bachner to $1,000.

The total consequence is that on the appeal of Delafield, Marsh & Hope and Charles M. McCarty, the order is reversed and the allowances are increased to $20,000 and $17,500 accordingly, and that on the appeal of Prudence Realization Corporation the order is reversed in part to reduce the total compensation allowed Samuel Silbiger to $3,000, and that to Koenig & Bachner to $1,000, and the award to Benjamin, Galton & Robbins is eliminated entirely. Costs on this appeal are awarded Delafield and McCarty against Prudence Realization Corporation; no other appellate costs will be allowed.