**In the Matter of Harvey L. HOBBS dba Harlou, Ltd., Bankrupt.**

**Bankruptcy No. 75–1140T.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

June 26, 1980.

Lawrence C. Turk, Cape Coral, Fla., for petitioner.

Diane L. Jensen, Fort Myers, Fla., for successor trustee.

Sonia Uransky, successor trustee, Cape Coral, Fla.

## ORDER ON APPLICATION FOR REIMBURSEMENT OF EXPENSES INCURRED

ALEXANDER L. PASKAY, Chief Bankruptcy Judge.

On June 30, 1978, this Court entered an Order Approving Account, Discharging Trustee and Closing Estate. Some ten (10) months later, and as a direct result of the efforts of Applicant (a post-petition credi-

tor) and his attorneys, this Court entered an Order on May 2, 1979 vacating and setting aside its original order and, pursuant to Bankruptcy Rule 515, reopening the estate.

As a proximate result of the efforts of Applicant and his attorneys, the estate was enhanced by more than $50,000, a consequence which would not have occurred but for such efforts. It is to be noted that Applicant, as a post-petition creditor, would not in any way personally benefit from such increase to the estate.

In the pursuit of his efforts and in order to accomplish the foregoing, Applicant, without prior leave of court, incurred and paid for expenses in the amount of $3,140.48, $3,000 of which was for attorney's fees. Those expenses were documented by Applicant in his Application for Reimbursement of Expenses Incurred filed pursuant to Bankruptcy Rule 219.

Although the general rule prohibits such reimbursement in the absence of prior leave of court once a trustee or receiver is appointed and thereafter while the estate is being administered thereby, prior court approval has been waived in "special circumstances" where the receivers, trustees or their attorneys may have had a personal interest so opposed to those of the creditors that only the latter would be likely to question it. See *In re New York Investors, Inc.*, 130 F.2d 90 (2 Cir. 1942) and *In re Sapphire Steamship Lines, Inc.*, 509 F.2d 1242 (2 Cir. 1975).

A careful reading of the cases on this issue seems to clearly indicate that, central to the rationale of the general rule and as a prerequisite to its application, are (1) the existence of a trustee or receiver who was duty bound to perform the services as a part of the administration of the estate and (2) who was acting or could reasonably be expected to act for the benefit of the estate. Therefore, in the instant case, there are two reasons for applying the exception to the general rule:

The estate had been closed and was no longer being administered when the services were to be performed; the trustee and her attorney had long since been discharged and there was no longer a duty bound trustee in current bankruptcy proceedings in whom responsibility was centralized.

The services performed were necessitated by the fact that neither the Trustee nor counsel for the Trustee conducted a sufficiently thorough investigation as to the true value of the promissory note and the Trustee's request to abandon the note or in the alternative, to sell the same for a grossly inadequate price, was a course of conduct which of course neither the Trustee nor her counsel would have questioned themselves. Therefore, the Court is satisfied that there are "special circumstances" which warrant a waiver of the prior approval requirement and that the salutory purpose of the general rule would not be served by its application in the instant case.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application for Reimbursement of Expenses Incurred be, and the same hereby is, granted and that the Applicant be reimbursed from the estate, forthwith, in the amount of $3,140.48.