**In re B–T PRODUCTIONS, INC., d/b/a Town & Country Dinner Theater, Debtor.**

**Bankruptcy No. 77–1046.**

United States Bankruptcy Court,
W.D. New York.

Sept. 21, 1989.

---

Harris, Beach, Wilcox, Rubin & Levey by William L. Dorr, Rochester, for debtor.

Fillmore M. Craver, Sr. and Don C. Masters, c/o Polymer Foam–Seal Corp., Rochester, creditors.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Harris, Beach, Wilcox, Rubin & Levey ("Harris, Beach"), special counsel to the debtor, has applied to this Court for $25,275 in legal fees and $3,934 in expenses for the period February 24, 1989 to July 12, 1989.

Briefly, the facts are these. Harris, Beach represented the debtor and other plaintiffs in a Court of Claims action against New York State during the period 1985–1988. The plaintiffs' ultimate recovery was approximately $1,500,000. Upon receiving the State's check in December, 1988, Harris, Beach withdrew its claimed fee of $634,618.44 and distributed the remainder according to a 1985 Bankruptcy Court order. The trustee challenged Harris, Beach's fee in a motion, for which a two-day hearing was held in June, 1989. The instant fee application by Harris, Beach is for activities it undertook in responding to the trustee's motion and defending its fee at the hearing.[1]

It is a firm rule in the Second Circuit that compensation will not be allowed where the services sought to be compensated were not reasonably required. *In re Paramount Publix Corp.*, 85 F.2d 588, 592 (2d Cir.1936), *aff'd* 300 U.S. 655, 57 S.Ct. 432, 81 L.Ed. 865 (1937). In addition, the services must have been rendered on behalf of the bankrupt. *In re New York Investors, Inc.*, 48 F.Supp. 900, 903 (E.D.N.Y.1943), *aff'd* 138 F.2d 881 (2d Cir.1943).

In this case, the July, 1982 order approving the appointment of Harris, Beach expressly provided that payment of fees and disbursements associated with Harris, Beach's representation of the debtor would be subject to further order of the Court. Bankruptcy Rule 219(a) also provided that an application be filed by a person seeking compensation. Disregarding both the order and Rule 219(a), Harris, Beach proceeded to disburse its own fee, on its own terms, without obtaining Court approval. By so doing, Harris, Beach itself necessitated the trustee's motion and the ensuing activities for which it now seeks compensation. Furthermore, the activities for which Harris, Beach seeks compensation were entirely aimed at defending its own interests in retaining a fee improperly taken, an interest adverse to the bankruptcy estate and its creditors. As Judge Learned Hand wrote, "On what principle of equity we are to help the appellants out of the pocket of the creditors at large to pay for such superfluous activities, we do not understand." *Investors*, 138 F.2d at 883.

The application of Harris, Beach for attorneys' fee and expenses for the period February 24, 1989 to July 12, 1989 is denied, and it is so ordered.

---

**1.** This Court held that Harris, Beach was entitled to a fee of $341,000, and ordered that the excess fee taken, $293,618.44, be distributed according to the terms of the 1985 order. *In re B–T Productions, Inc.*, 104 B.R. 596 (Bankr.W.D. N.Y.1989).