**GOCHENOUR et al. v. CLEVELAND TERMINALS BLDG. CO.**

No. 8708.

Circuit Court of Appeals, Sixth Circuit.

March 3, 1941.

Meyer Abrams, of Chicago, Ill. (Meyer Abrams and Harry J. Myerson, both of Chicago, Ill., on the brief), for appellants.

I. Walter Sharp, of Cleveland, Ohio (I. Walter Sharp and J. Hall Kellogg, both of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

The appellee, the Cleveland Terminals Building Company, subsidiary-debtor, a wholly owned subsidiary of the Vaness Company, was placed in bankruptcy reorganization under 77B of the Federal Bankruptcy Act, 11 U.S.C.A. § 207, and its managing officers, under the orders of the court, continued in possession of its assets. At the time of adjudication, the court entered the usual order restraining the prosecution of all actions against the subsidiary-debtor other than in the pending proceedings and all actions on its behalf except with the consent of the court.

When these proceedings were commenced, there was pending in the Court of Common Pleas, County of Cuyahago, Ohio, a suit by appellant, A. B. Gochenour, on his own behalf and for and on behalf of all holders of the first mortgage leasehold sinking fund six percent gold bonds of the subsidiary-debtor against its directors, seeking to recover damages from them for their alleged misfeasance and fraud in the management of the affairs of the corporation.

Gochenour filed herein his intervening petition instanter, which was denied and on November 23, 1936, he filed a motion asking that the court's restraining order be modified to the extent that he could continue the prosecution of his action in the Ohio court, which motion was also denied.

On October 31, 1930, the subsidiary-debtor, the Cleveland Terminals Building Com-

pany, executed its collateral note for $23,-500,000 to its parent, the Vaness Company, with the following collateral:

1,435,360 shares Alleghany Corp. Common Stock (no par value)

2,765 shares Alleghany Corp. Cum. 5½% Pfd. Stock "A" Ex. Warrants ($100 par value)

20,950 shares Alleghany Corp. Cum. 5½% Pfd. Stock "A" with $30 Warrants ($100 p.v.)

3,920 shares Alleghany Corp. Cum. 5½% Pfd. Stock "A" with $40 Warrants ($100 p.v.)

100,000 shares The Higbee Co. Common Stock (no par value)

$317,000.00 The Alleghany Corp. 20-Year Coll. Tr. Conv. 5% bonds Series of 1930 due April 1, 1950, C/B's

$930,000.00 The Cleveland Terminals Building Co. 2nd Mtge. 6% bonds due May 1, 1935

$258,506.94 The Higbee Co. 6% Subordinated Note due March 1, 1934.

The Vaness Company simultaneously executed its collateral note for $16,000,000 to J. P. Morgan & Company and delivered the Terminals Company note and all the collateral thereon to the payee as security. Prior to September 30, 1935, Morgan & Company proposed to sell the collateral on the subsidiary-debtor's note in satisfaction of its indebtedness.

On September 26 1935, the Midamerica Corporation was created under the laws of Ohio with O. P. Van Sweringen, M. J. Van Sweringen, Charles L. Bradley, G. A. Ball, G. A. Tomlinson, F. B. Bernard, J. J. Anzalone and John P. Murphy, as officers and directors. The corporation was created for the purpose of purchasing from J. P. Morgan & Company the collateral on the subsidiary-debtor's note and at that time some, but not all, of its officers were in control of the subsidiary-debtor.

On September 30, 1935, the Midamerica Corporation purchased at private sale from Morgan & Company, for $318,000, the collateral on the subsidiary-debtor's note. Subsequently, Midamerica sold these securities for $6,805,800, and went into liquidation, distributing the proceeds of the sale to its stockholders. The subsidiary-debtor was insolvent at the time these transactions occurred.

On September 11, 1939, appellants, together with John J. Howe and Kleiderer Bros., creditors of the subsidiary-debtor, instituted an action in the lower court against the Midamerica and its officers, alleging that they had committed a fraud on the debtor in the purchase of its securities from J. P. Morgan & Company and sought to recover on behalf of the creditors of the subsidiary-debtor, the profit realized by the Midamerica in the sale of these securities. On September 12, 1939, appellant and his co-plaintiffs in the above action, filed in these proceedings, a petition praying for an order permitting and directing that the subsidiary-debtor be made a party-plaintiff or defendant in their action.

The appellee-debtor answered this petition and stated that in its opinion the alleged cause of action did not offer sufficient prospect of recovery from the defendant to justify the incurrence of any expense on its part, but that it did not object to an order permitting it to be made a nominal party-defendant. The court referred the matter to a Master who recommended that the petition be denied for the reason that it did not allege, and no evidence had been adduced, that the subsidiary-debtor was a proper, necessary or indispensable party. The court, on November 10, 1939, confirmed the Master's report and entered an order dismissing appellant's petition, to which order no exceptions were taken and no appeal prosecuted.

On October 11, 1939, appellants, excluding Howe and Kleiderer Bros., instituted an action in the United States District Court for the Southern District of Indiana against certain officers and stockholders of the Midamerica Corporation, who were residents of that State. The grounds for recovery and relief prayed were identical with those asked in their action in the District Court.

On February 24, 1940, the Indiana District Court entered an order as of February 15, 1940, Gochenour v. George & Francis Ball Foundation, 35 F.Supp. 508, dismissing appellant's action on the ground that the cause therein set forth was in its nature derivative on behalf of the subsidiary-debtor and that their action could not be maintained as an independent class suit.

On February 27, 1940, appellants filed in these proceedings, a petition to clarify or vacate the court's order of November 10, 1939, by amending it so as to clearly state that the right of action asserted in appellants' case against the Ohio defendants in the District Court was not in the subsidiary-debtor or, if it was, that the subsidiary-

debtor had abandoned all of its rights therein, or if this could not be done, that the court set aside the order and direct the subsidiary-debtor to join as a party in their actions in the District Courts of Ohio and Indiana, and if none of these things could be done that appellants be authorized to prosecute these actions on behalf of the subsidiary-debtor. Their petition was referred to a Master who recommended that it be denied in its entirety. The court sustained the Master, from which order this appeal is prosecuted.

On October 3, 1939, the subsidiary-debtor filed in these proceedings, a petition asking the court for advice as to whether it should institute suit against two of the defendants in appellants' suit in the Indiana District Court grounded on the same facts as appellants had alleged in their action. This petition was also referred to a Master, who recommended that it be dismissed without prejudice to the right of the subsidiary-debtor to file a further petition at such time as it deemed necessary in the proper preservation and administration of the estate. The Master's report was approved and adopted by the court May 23, 1940.

■ By virtue of the provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., every kind of property capable of being transferred by the bankrupt by any means, or of being levied on by the creditors or otherwise seized by judicial process and sold thereunder, passes to the trustee in bankruptcy as of the date of adjudication for the benefit of the bankrupt's creditors (Isaacs v. Hobbs Tie & Timber Company, 282 U.S. 734, 737, 51 S.Ct. 270, 75 L.Ed. 645), and in corporate reorganization proceedings, the trustee, upon his appointment, shall be vested with all title to the corporation's property wherever situated, ch. 575, Sec. 1, 52 Stat. 892, Title 11 U.S.C.A. § 586, and the court in which the petition is filed has exclusive jurisdiction of the debtor and his property wherever located, ch. 575, Sec. 1, 52 Stat. 884, Title 11 U.S.C.A. § 511. A debtor continued in possession of its property shall have all the title, be vested with all the rights and be subject to all the duties and exercise all the powers of a trustee, subject at all times to the control of the judge. Ch. 575, Sec. 1, 52 Stat. 892, Title 11 U.S.C.A. § 588.

■ The right of action of a corporation to recover damages because of the misconduct and neglect of duty of a corporate officer passes to the trustee of a bankrupt corporation. Officers of corporations, although not responsible for errors of judgment, are fiduciaries charged with the duty of caring for its property and of managing its affairs honestly and in good faith. If this duty has been so violated as to result in the impairment of assets, or loss of property, or an officer, by misconduct, makes a profit for himself at the expense of the corporation, he may be compelled to make full restitution (Geddes v. Anaconda Copper Mining Co., 254 U.S. 590, 599, 41 S.Ct. 209, 65 L.Ed. 425; Irving Trust Co. v. Deutsch, 2 Cir., 73 F.2d 121, and as the corporation could have maintained a suit for reimbursement from its officers for misconduct, the right of such an action was an asset of the company and passed to the trustee in bankruptcy.

■■ The object of the Bankruptcy Act is to benefit creditors by making all the pecuniary means and property of the bankrupt available to their payment and in furtherance of this object, there passes to the trustee, not only what in strictness may be called the property of the bankrupt, but also those rights of action to which he was entitled for the purpose of recovering real or personal property, or damages respecting that which has been unlawfully diminished in value, withheld or taken from him. We think it is reasonably clear that the causes of action which appellants' class suits sought to maintain passed under the control of the court in these proceedings and this is true, notwithstanding the fact that some of the creditors of the corporation may have participated in the alleged fraud and would not be entitled to share in any recovery. Henderson v. Binkley Coal Company, 7 Cir., 74 F.2d 567; McCollum v. Hamilton National Bank, 303 U.S. 245, 247, 58 S.Ct. 568, 82 L.Ed. 819; In re Bothe, 8 Cir., 173 F. 597. It follows that any action in relation to the claims of the subsidiary-debtor against the officers, directors or stockholders of the Midamerica Corporation must be brought by or in the name of the subsidiary-debtor.

■ Whenever, in reorganization proceedings, fraud or mismanagement of officers or directors is alleged, full opportunity should be granted complainants to support their charges in open court. The present Bankruptcy Act (Sec. 167, 11 U.S.C.A. § 567) makes it the duty of the trustee, upon his appointment and qualification, if directed by the judge of the court, to forthwith investigate the acts, conduct and financial condition of the debtor and report

to the judge any facts ascertained pertaining to fraud, misconduct, mismanagement and irregularities and any causes of action available to the estate.

 Under the Bankruptcy Act, trustees in bankruptcy or officers of a corporation continued in possession in a bankruptcy reorganization proceedings are not bound to accept property which in their judgment is of an onerous and unprofitable nature, calculated to burden, rather than benefit, the estate. In re Throckmorton, 6 Cir., 149 F. 145.

 However, it is not the purpose of the Act to furnish immunity to wrongdoing by corporate officers. On the contrary, it is the plain duty of the court to direct the investigation of all substantial allegations of mismanagement or fraud. Under the Act, if a corporate debtor is continued in possession of its assets the judge may at any time, appoint a disinterested person as an examiner to perform the duties imposed upon a trustee. Ch. 541, Sec. 168, as added June 22, 1938, ch. 575, Sec. 1, 52 Stat. 890, Title 11 U.S.C.A. § 568.

In the present case the court below, as its orders clearly indicate, has not considered the practicability of the appointment of an examiner. On the face of the information in the record there are reasonable grounds to believe that the officers of the subsidiary-debtor through their control have improperly acquired its assets and by reason thereof, have become indebted to the corporation to the extent of the profit they have realized by reason of their misconduct.

 Upon the application of a creditor, a court of bankruptcy may appoint an examiner with broad powers to investigate the affairs of a debtor for the purpose of ascertaining if fraud has been committed by its officers by reason of misconduct, irregularities or mismanagement and the court may require any designated person, including the debtor's officers, to appear and be examined concerning the acts, property or conduct or business of the debtor. Title 11 U.S.C.A. § 44, c. 575, Sec. 1, 52 Stat. 852.

 A debtor continued in possession under the present act has the authority, and it is its imperative duty with all diligence to collect the assets of the estate.

Appellants urge on us that, inasmuch as the subsidiary-debtor has declined to comply with their request and refused either to bring suit or to allow its name to be used to recover its property, it is guilty of a fraud against its creditors and the latter, by virtue of such refusal have a right to seek a remedy in their own names, not only against the officers of the subsidiary-debtor whom they claim defrauded it, but also against it, which is deemed responsible for failure to collect the claim it has against its derelict officers. Appellants also undertake to apply the rule that if, with knowledge of the facts or being so situated as to be charged with knowledge, a trustee or the officers of a debtor continued in possession, by definite declaration or distinct action or forbearance to act, indicate in view of particular circumstances, their choice not to take property standing in the name of the debtor, they may be held to have waived the assertion of their claim thereto. Dushane v. Beall, 161 U.S. 513, 515, 16 S.Ct. 637, 40 L.Ed. 791; Mills Novelty Company v. Monarch Tool & Manufacturing Company, 6 Cir., 49 F.2d 28.

They further insist that as the subsidiary-debtor abandoned the alleged asset in controversy, it is to be treated as though title had not been assigned and is subject to ordinary methods of legal procedure and jurisdiction of other courts authorized to deal with it. Brown v. O'Keefe, 300 U.S. 598, 602, 57 S.Ct. 543, 81 L.Ed. 827; Sessions v. Romadka, 145 U.S. 29, 39, 12 S.Ct. 799, 36 L.Ed. 609; Thatcher v. Rockwell, 105 U.S. 467, 470, 26 L.Ed. 949. Acting on the assumption that as the debtor has rejected it, title to the present claim is in the corporation as though insolvency had not ensued, they urge that since the corporation refuses to sue and is insolvent, they may enforce the present liability in the right of the corporation, as creditors. City of Fort Worth v. McCamey, 5 Cir., 93 F.2d 964.

 Authority for a creditor to bring suit to recover property or rights of property of a corporation in bankruptcy reorganization under any circumstances is not found in the Act. Pending such proceedings, the assets of the debtor are in custodia legis and neither it, nor its creditors, has any right to sue on its behalf except as directed by the court. Glenny v. Langdon, 98 U.S. 20, 30, 25 L.Ed. 43.

 The remedy of a creditor, if aware of the existence of property or credits which should rightly go to the debtor for the benefit of creditors, is to inform the court of the facts and request that the

trustees or debtor be required to proceed by suit if necessary to recover the property. Trimble v. Woodhead, 102 U.S. 647, 650, 26 L.Ed. 290. The motives of appellants may be laudable but there are certain persons whose representative character is derived from the law. One of the most familiar instances is that of trustees in bankruptcy and a fortiori the officers of a corporation continued in possession in a bankruptcy reorganization proceeding. Whenever a suit is instituted which affects such estates, all the creditors of the debtor have precisely the same interest but they are not necessary parties inasmuch as by law their interests are protected. They, themselves, may be said to be represented in the person of the agent of the debtor appointed by the court. It would be very inconvenient and lead to confusion, to bring them all, in their own persons, before the court or to permit each of them to take over the duties, in whole or in part, of the court's officers so they are allowed to appear, by their statutory representatives, in all actions on behalf of the debtor.

 The relation of the debtor to appellants as intervening creditors is similar to that of mortgage trustees to bondholders and their rights must be worked out and enforced in the greater part through the debtor. Being bound both by what is done by and what is done against the debtor, the appellants, as intervening creditors, do have some reasonable and timely concern for what is done in the premises.

The officers of the debtor were under control of the court and if appellants believed a wrong was being done them by failure of the officers of the debtor to act in the collection of its assets, the court was open for them upon reasonable showing to invoke its power to compel the debtor to proceed. In order to avoid confusion and a multiplicity of actions, and to expeditiously settle bankrupt estates, the Congress has seen fit to make the jurisdiction of the Bankruptcy Court exclusive in the administration of the assets of a corporation in bankruptcy reorganization. The title to all the assets of such a corporation vests in its trustee or, if it is continued in possession, remains in it until the termination of the proceedings. To permit creditors to proceed on behalf of the corporation pending such proceedings would defeat the purpose of the Act. Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 301, 308, 32 S.Ct. 96, 56 L.Ed. 208.

The appellants, not having pursued the remedies accorded to them under the Bankruptcy Act for the discovery and recovery of assets belonging to the debtor, we do not decide what rights, if any, they have in the event the debtor abandons the alleged asset in controversy.

While the petitions filed by appellants were not filed on behalf of the subsidiary-debtor, nevertheless, they will be treated as presenting sufficient facts to require the court to appoint an examiner and if facts are produced upon a hearing which convince the court that suit should be prosecuted for the benefit of the subsidiary-debtor against the officers, stockholders and directors of the Midamerica Corporation, an order will be entered authorizing the subsidiary-debtor to prosecute the suit or if the court deems proper, it may give appellants, as creditors of the subsidiary-debtor, the right to institute suit in its name after indemnifying it against cost. Cause remanded for proceedings consistent with this opinion.