366 P.2d 700

**H. F. BENSON, Jr. and Betty N. Benson, his wife, Plaintiffs and Respondents,**

v.

**Parley PROBST and Emma Probst, his wife, Defendants and Appellants.**

No. 9432.

Supreme Court of Utah.

Nov. 22, 1961.

pasiotes v. Dinsdale, 121 Utah 359, 242 P.2d 297 (1952).

Lee W. Hobbs, Salt Lake City, for appellant.

Davis & Bayles, Salt Lake City, for respondent.

HENRIOD, Justice.

Interlocutory appeal from the denial of defendants' motion to dismiss a complaint sounding in deceit allegedly resulting in a written farm transaction. Reversed with instructions to dismiss the complaint. Costs to defendants.

Defendants sold some acreage to plaintiffs who thereafter were adjudicated bankrupts. They did not schedule any claims against defendants in the bankruptcy proceedings. Thereafter they filed a complaint in the usual form against defendants, founded on fraud and misrepresentations in the inducement of the contract, praying for specified damages. The complaint provoked a motion to dismiss, which was denied, on the ground it did not appear that the trustee had taken any action as trustee on plaintiffs' alleged claim against defendants, or intended to do so. Nor does the contrary appear. It would seem immaterial under the circumstances reflected in the pleadings of the parties.

It appears unimportant whether the claim was scheduled or not, since the authorities uniformly determine that a claim like the one here becomes an asset in the hands of the trustee in bankruptcy, under the Bankruptcy Act [1] simultaneously with the claimants' adjudication in bankruptcy, with plenary power to deal with it as an asset and as the trustee and the federal courts deem proper and which it is their duty to perform.

The footnoted authorities have met and decided this type of case, to which reference is made for the reader's examination without unnecessary redeclaration of the rather exhaustive review of the reasons and principles applicable to such a case.[2] The record here reflects a case that appears to be governed by those authorities, if we agree with them, and we do.

WADE, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

1. Sec. 110, sub. a(6), 11 U.S.C.A.
2. Tamm v. Ford Motor Co., 8 Cir., 80 F. 2d 723 (1935) and cases therein cited; Herb Ford, Inc. v. Ford Motor Co., 8 Cir., 80 F.2d 730 (1935); Connolly v. National Surety Co., 35 Ohio App. 76, 171 N.E. 870 (1929); Gochenour v. Cleveland Terminals Bldg. Co., 6 Cir., 118 F.2d 89 (1941); Henderson v. Binkley Coal Co., 7 Cir., 74 F.2d 567 (1935).