IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WILLIAM LOHMAN, | ) | |
| | ) | No. 32083-9-III |
| Appellant, | ) | (Consolidated with |
| | ) | No. 32276-9-III) |
| v. | ) | |
| | ) | |
| MELCHER MANUFACTURING, INC, | ) | UNPUBLISHED OPINION |
| a Washington corporation; NEWESCO, | ) | |
| INC., d/b/a NELSON WESTERBERG, | ) | |
| INC., an Illinois corporation, and DOES | ) | |
| 1-10, | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — William Lohman appeals the dismissal of his personal injury claim, arguing that the trial court incorrectly determined that he was not the real party in interest. We agree that the bankruptcy trustee was the true real party in interest and affirm.

FACTS

Mr. Lohman worked as a long haul trucker and was employed in 2010 by Nelson Westerberg, Inc. (Newesco) of Chicago. In August, 2010, Mr. Lohman was injured in a fall from a ramp while unloading a truck near Dallas, Texas. His injuries required several surgeries. Newesco terminated his employment.

No. 32083-9-III (consolidated with 32276-9-III)
*Lohman v. Melcher Mfg., Inc.*

Having large debts, Mr. Lohman filed for Chapter 7 bankruptcy in California in November 2011. Lewis D. Partridge was named the Bankruptcy Trustee. In his filings, Mr. Lohman did not identify any tort claims as assets of his estate. He valued his Worker's Compensation claim at zero dollars. The claim eventually settled for $65,000. The bankruptcy was closed as a no-assert bankruptcy on November 2, 2012; over $500,000 in debt was discharged.

Two months prior to the closure of the bankruptcy, Mr. Lohman sued Newesco and Melcher Manufacturing (Melcher), the manufacturer of the ramp, in the Spokane County Superior Court. Mr. Lohman's theory against Melcher was that the ramp had malfunctioned. He sued Newesco on several theories—negligence in the use of the ramp and termination in violation of the Americans with Disabilities Act and the Washington Law Against Discrimination.

The defendants initially removed the case to the federal district court, but that court remanded the matter to the superior court. The defendants moved for summary judgment. On May 17, 2013, Mr. Lohman successfully sought a continuance to conduct discovery and get the bankruptcy trustee involved. Five weeks later, the trial court again continued the summary judgment motion because the trustee had not appeared. Kimberly Husted, a successor trustee,[1] appeared the following month through an attorney who was

---

[1] Mr. Partridge was suffering from cancer that ultimately claimed his life.

No. 32083-9-III (consolidated with 32276-9-III)
*Lohman v. Melcher Mfg., Inc.*

not licensed in Washington. Two more continuances followed to allow Ms. Husted to "gather all the facts" and obtain Washington counsel.

The trial court requested a presentment hearing to enter an order substituting the bankruptcy trustee as plaintiff and continued the summary judgment motions until November 15. The substitution order entered on October 11. The trial court determined that the tort claims arose prior to the bankruptcy filing and belonged to the trustee because the claims had not been disclosed to the bankruptcy court. The court concluded that Mr. Lohman was judicially estopped from bringing the claims.

The trustee and the defendants then entered into a settlement of the tort claims in the bankruptcy court. Thereafter, the superior court dismissed the claims with prejudice. Mr. Lohman timely appealed to this court.

## ANALYSIS

Mr. Lohman argues that he, not the bankruptcy trustee, was the real party in interest and that the trial court erred in applying judicial estoppel and collateral estoppel against him. The respondents seek attorney fees for responding to a frivolous appeal. We address only the real party in interest issue and deny the request for fees.

"Every action shall be prosecuted in the name of the real party in interest." CR 17(a) (partial). The purpose of this rule is to "protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the

3

No. 32083-9-III (consolidated with 32276-9-III)
*Lohman v. Melcher Mfg., Inc.*

judgment will have its proper effect as res judicata." *Beal v. City of Seattle*, 134 Wn.2d 769, 777, 954 P.2d 237 (1998) (quoting the federal rule's Advisory Committee).

A bankruptcy estate encompasses the debtor's legal and equitable interest in property "as of the commencement of the case." 11 U.S.C. § 541 (a)(1). Property of the estate that is not abandoned and not administered remains property of the estate even after the estate closes. 11 U.S.C. § 554(d). When a debtor fails to list a legal claim in bankruptcy proceedings and the case is subsequently re-opened, "there is no debate" that the bankruptcy trustee is the real party in interest, not the debtor. *Bartley-Williams v. Kendall*, 134 Wn. App. 95, 101, 138 P.3d 1103 (2006) (quoting *Sprague v. Sysco Corp.*, 97 Wn. App. 169, 172, 982 P.2d 1202 (1999)); *DeAtley v. Barnett*, 127 Wn. App. 478, 483, 112 P.3d 540 (2005). Rights of action may be subject to exemption under 11 U.S.C. § 522(l), but the debtor must take affirmative steps to remove exempt property from the estate. 11 U.S.C. §§ 522(l), 541; *Linklater v. Johnson*, 53 Wn. App. 567, 570, 768 P.2d 1020 (1989).

Mr. Lohman's situation is a classic example of these principles. *See Bartley-Williams*, 134 Wn. App. at 100. The basis for his tort claims accrued prior to the bankruptcy proceedings and he did not disclose them in the bankruptcy. As a result, the claims were neither abandoned nor administered. Therefore, these unscheduled assets still belong to the bankruptcy estate and the trustee is the real party in interest.

4

This case is very similar to *Linklater*. There, Mr. Linklater had a right of action for misrepresentation that was incidental to the purchase of a home. 53 Wn. App. at 568. He subsequently filed for bankruptcy but did not disclose the right of action to the trustee. *Id.* After he was discharged in bankruptcy, he sued the realtor and sellers in tort. *Id.* The superior court dismissed the action for lack of standing. *Id.* at 569. This court affirmed the trial court's determination that he lacked standing and was not the real party in interest. *Id.* at 570. We stated that "a discharged debtor lacks legal capacity to subsequently assert title to and pursue an unscheduled claim simply because a trustee, without knowledge of the claim, took no action with respect to it." *Id.*; *Accord, DeAtley*, 127 Wn. App. at 483.

Mr. Lohman attempts to distinguish *Linklater* on the basis that here his trustee was aware of his tort causes of action. Br. of Appellant at 9-10. He reasons that the trustee was alerted to the causes of action because of the workman's compensation claim on the bankruptcy schedules and because he mentioned them at a creditors' meeting. There are several problems with that position. First, he provided no record that he made these oral representations. Second, disclosing the workman's compensation claim is not equivalent to disclosing the tort causes of action. Third, oral disclosures are inadequate to put a trustee on notice of the asset. *See Baldwin v. Silver*, 147 Wn. App. 531, 196 P.3d 170 (2008) (holding that an oral disclosure of the claim to the bankruptcy trustee is not enough for purposes of judicial estoppel); *Cunningham v. Reliable Concrete Pumping*,

*Inc.*, 126 Wn. App. 222, 229, 108 P.3d 147 (2005) (holding that an oral disclosure of an

asset is not adequate to escape judicial estoppel). On this record, *Linklater* is controlling.

Mr. Lohman also argues that the repeated delays by the trial court unnecessarily

led to the involvement of the successor trustee. Specifically, he writes the "case was

stretched out long enough that a Trustee with a private law firm was substituted

regardless of Plaintiff's honesty or representations to the Bankruptcy Court and the prior

Trustee's disinclination to re-open the Chapter 7 case." Br. of Appellant at 9.

Nevertheless, the fact that the trustee was "disinclined" to intervene does not mean that

Mr. Lohman could bring the claim. *See Linklater*, 53 Wn. App. at 570 (where the

bankruptcy trustee did not intervene, the action was dismissed against all defendants).

Whether or not the trustee intervened, Mr. Lohman would still not be the proper party. In

reality, the trial court delayed the summary judgment motion to avoid dismissing the case

prior to giving Mr. Lohman the opportunity to get the trustee involved.[2] Mr. Lohman

does not cite any authority for his proposition that the trial court's procedure was an

abuse of discretion. Indeed, CR 17(a) expressly empowers trial judges to continue

---

[2] The trial court granted the first continuance saying: "I am not prepared to dismiss it right now. I am prepared to grant a brief continuance so something can be provided." Report of Proceedings (RP) at 33 (referring both to discovery and information on whether the trustee would intervene). At a later hearing the trial court, again, delayed the summary judgment motion to allow time for Mr. Lohman to reopen the bankruptcy. RP at 55.

actions to allow for the real party in interest to appear.[3] Finally, if this is a veiled argument for abandonment it fails for two reasons. First, after his bankruptcy was reopened, the bankruptcy court did not treat the claims as if they had been abandoned, and second, declining to intervene is not the legal equivalent of abandoning an asset in bankruptcy. *See Stevens v. City of Centralia*, 86 Wn. App. 145, 153, 936 P.2d 1141 (1997) (abandonment of asset in bankruptcy requires notice and hearing for creditors of estates).

Mr. Lohman lacked standing to pursue this action. The trial court properly continued the matter until the trustee could take over the case. Once that occurred, the trustee settled the claims in bankruptcy court. If Mr. Lohman wanted to challenge the trustee's authority or settlement decision, he needed to do so in that forum.

The respondents argue that they are entitled to attorney fees for defending a frivolous action. RAP 18.9(a). While that issue is a close one, we conclude that this appeal, while lacking in merit, was not frivolous. Accordingly, we decline to award attorney fees in this appeal, although as the prevailing parties, the respondents are entitled to statutory costs and fees. RAP 14.2 et seq.

---

[3] "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed . . . for . . . joinder or substitution of, the real party in interest." CR 17(a) (partial).

No. 32083-9-III (consolidated with 32276-9-III)
*Lohman v. Melcher Mfg., Inc.*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Brown, J.

_____
Siddoway, C.J.

8